IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Edward J. Britenriker, | Case No. 3:08 CV 1890 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Joseph W. Mock, et al., | |
| Defendants. | |

## INTRODUCTION

Pending before the Court are Motions for Summary Judgment filed by Defendants Joseph Mock (Doc. No. 19) and Swift Transportation Co. (Doc. No. 20). Plaintiff Edward Britenriker opposed both Motions (Doc. Nos. 22 and 23) and Defendants replied (Doc. Nos. 24 and 26). For the reasons stated below, the Court grants both Motions for Summary Judgment.

## BACKGROUND

Plaintiff was traveling to work on Lugbill Road in the early morning of October 13, 2004, in Archbold, Ohio, when, in attempting to assist a fellow motorist, he was hit by a car. Plaintiff was driving behind a tractor-trailer owned by Defendant Swift and driven by its employee Jerry Soules, now deceased. Plaintiff believed Soules was lost because he was driving "unusually slow" and stopped and started again (Britenriker Depo., p. 42). Plaintiff parked his car at his place of employment and crossed Lugbill Road, a two-lane road with a speed limit of 40 m.p.h. Soules was stopped in the middle of the eastbound lane on Lugbill Road, and Plaintiff climbed onto the steps of the cab in order to give Soules directions. Plaintiff asked Soules where he was headed and instructed him to "go to the end of the block and take a left" (Britenriker Aff. ¶ 2). Soules repeated his understanding of the instructions, which Plaintiff confirmed.

Almost immediately after Plaintiff stepped off the tractor-trailer steps, Mock, traveling westbound, the opposite direction of the stopped tractor-trailer, struck Plaintiff. Mock was driving approximately 35 m.p.h. in a 40-m.p.h. zone (Mock Depo., p. 20). Plaintiff recalls "starting to step or jump down, when everything went black" (Britenriker Aff. ¶ 14). An eyewitness, Eva Gonzales, stated that "the man had barely hit the ground before he went flying in the air . . . everything happened within seconds" (Gonzales Aff. ¶ 2). Soules recalls Plaintiff taking "a step or two" before the car hit him (Soules Depo., p. 17).

Plaintiff testified that he jumped from the steps of the cab because he "felt the lift of the tractor, as if [Soules] had just let the clutch out, and heard the motor rev, and felt the movement of the tractor starting forward" (Britenriker Aff. ¶ 10). In contrast, Soules, Mock, and Gonzales (who was stopped in her car behind the tractor-trailer) disagree with Plaintiff's statement that the tractor-trailer moved (Soules Depo., p. 21; Mock Depo., p. 23; Gonzales Aff. ¶ 1).

Gonzales confirms Mock's account of the accident, testifying that Plaintiff "jumped into the westbound lane [Mock's lane], the collision was in the westbound lane, [Mock] did not appear to be exceeding the 40 m.p.h. speed limit, and [he] screeched his tires trying to stop as soon as could be expected" (Gonzales Aff. ¶ 2). Soules confirms that the point of impact was in Mock's traffic lane (Soules Depo., p. 20). The Ohio Traffic Accident Diagram Report also confirms that the skid marks from Mock's car were in Mock's lane of travel (Doc. No. 19, Ex. C).

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, a court must draw all inferences from

the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, a court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## OHIO NEGLIGENCE STANDARD

To establish negligence, one must show the existence of a duty, breach of that duty, and resulting injury. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St. 3d 75, 77 (1984). The existence of a duty depends on the foreseeability of the injury, and the test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or non-performance of an act. *Id.* The foreseeability of harm is usually dependent on defendant's knowledge, and only those circumstances which defendant perceived, or should have perceived, at the time of the accident should be considered. *Id.*

## ANALYSIS

**Claims Against Defendant Mock**

Plaintiff propounds multiple theories to argue genuine issues of material fact exist; namely, (1) Plaintiff's negligence was not the sole cause of the accident because he was faced with a sudden emergency; (2) Mock violated the legal speed limit pursuant to R.C. § 4511.21; (3) Mock failed to maintain reasonable control of his vehicle pursuant to R.C. § 4511.202; (4) Mock negligently ignored his duty of care to Plaintiff and harm was foreseeable; and (5) Mock's accident reconstruction is faulty and cannot be relied upon. Each is discussed below.

3

**Sudden Emergency**

Plaintiff argues he was faced with a sudden emergency when the tractor-trailer began to move, and that the question of Mock's negligence is, in light of this "sudden emergency," a question of fact for the jury. The doctrine of sudden emergency applies where "a defendant faces a sudden situation requiring instant decision-making," and when presented with this sudden occurrence, chooses "a course of conduct which appeared at the time to have been the safest course," but that in hindsight is not the best or wisest choice, and results in injury. *Bentley v. Clisso*, 89 F.3d 832, 1996 WL 306525, at *2 (6th Cir. 1996).

Plaintiff's sudden emergency argument here lacks merit. Sudden emergency is a doctrine typically used by defendant, not plaintiff, within the context of comparative negligence. But Mock does not seek summary judgment based on the argument that Plaintiff's negligence was the sole cause of the accident, but rather, simply that Mock was not negligent (Doc. No. 24, p. 2). Moreover, even if Plaintiff's sudden emergency theory is plausible, this does not implicate Mock in any way -- Mock had nothing to do with the alleged movement of the tractor-trailer, the basis for the alleged sudden emergency. In fact, Mock himself might even claim sudden emergency, as he had to make a snap decision when Plaintiff suddenly stepped in front of his car. Plaintiff's sudden emergency claim is both improperly invoked and irrelevant to whether Mock was negligent.

**Speed**

Plaintiff argues that Mock was speeding, in violation of R.C. § 4511.21(A), and that this creates a genuine issue of material fact with respect to breach of duty of ordinary care. That statute reads in pertinent part: "No person shall operate a motor vehicle . . . at a speed greater or less than is reasonable or proper having due regard to the traffic, surface, and width of the street or highway and

any other conditions." Plaintiff in particular points to "any other conditions" to emphasize that even though Mock slowed to 5 m.p.h. below the legal posted speed limit, because of "other conditions," Mock should have taken additional precautions, and violated R.C. § 4511.21(A) by not doing so. Plaintiff charges that Mock knew Lugbill Road was "congested at a shift change with people going into the parking lot, and he was blinded from seeing that area by the headlights of the truck stopped blocking the other lane. Yet, he continued on into the blind congested area at 35 mph by his own admission" (Doc. No. 22, p. 8).

Plaintiff's citation to R.C. § 4511.21(A) is misplaced. The Ohio Supreme Court interpreted R.C. § 4511.21(A) to require the party invoking the statute to present uncontroverted evidence establishing four elements. A statutory violation occurs "if there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Pond v. Leslein*, 72 Ohio St. 3d 50, 52 (1995). Plaintiff has not shown element three, as all witnesses agree that Plaintiff appeared suddenly in Mock's path. Significantly, eyewitness Gonzales was stopped behind the tractor-trailer -- thus not "blinded" by its headlights -- yet still did not see Plaintiff until he stepped off the truck. Additionally, Plaintiff cannot establish the second element because the Record shows Plaintiff was neither stationary nor moving in the same direction as Mock. Indeed, the Record shows that Mock was traveling at a reasonable and proper speed under the conditions of Lugbill Road at the time of the accident.

**Control**

Plaintiff next alleges that Mock did not exercise reasonable control of his vehicle, in violation of R.C. § 4511.202(A), which states: "No person shall operate a motor vehicle . . . without being in

reasonable control of the vehicle." Plaintiff cannot, however, point to Record evidence to establish that Mock lacked reasonable control of his vehicle.

Plaintiff must demonstrate more than the mere fact of an accident. *State v. Spicer*, No. CA90-11-022, 1991 WL 164591, at *2 (12th Dist. Ohio Ct. App. Aug. 26, 1991). One indicator of a lack of control is whether a reasonable person could have avoided the accident. *State v. Bentley*, No. 87-CA-18, 1987 WL 18522, at *2 (2d Dist. Ohio Ct. App. Oct. 14, 1987). In *Spicer*, the court found that the prosecution failed to prove a R.C. § 4511.202 violation, because the evidence only showed that the accident had occurred, not a lack of reasonable control. *Spicer*, 1987 WL 18522, at *2. Like the facts at hand, in *Spicer* there was no evidence to indicate that the vehicle had been operated erratically or at an excessive speed. The *Spicer* court noted that the marks on the grass and gravel where the vehicle had left the road only demonstrated that the accident had occurred, not that it had occurred due to the driver's failure to reasonably control the vehicle. Here, the Record evidence indicates that Mock was not speeding, that he remained in his lane, and that he took evasive action as soon as reasonably could be expected. Thus, the evidence here shows that an accident happened, but nothing suggests that Mock could have reasonably avoided the accident.

Plaintiff cites two cases, neither of which are factually analogous to the instant case. In *Weidner v. United States*, No. 4:01CV002864, 2005 U.S. Dist. LEXIS 13020, at *7 (N.D. Ohio Jun. 30, 2005), defendant was racing his car on the interstate, which caused him to strike a pedestrian. Mock's conduct is not comparable to racing on the interstate. In *Ohio v. Burwinkel,* No. C-040779, 2005 WL 1923528, at *2 (1st Dist. Ohio Ct. App. Aug. 12, 2005), defendant spun out of control on a rainy day while trying to avoid an accident ahead. The court noted that defendant was "unable to [maintain proper control of her vehicle], while others about her did," thus justifying an inference that

6

her driving fell below a reasonable standard which "other drivers were able to adhere to, even given the circumstances of the accident up ahead and the heavy rain." *Id.* Additionally, defendant "never did proffer a plausible explanation for her inability to bring her vehicle to a controlled stop." *Id.*

Here, on the other hand, there are no other drivers or inherently dangerous activities akin to drag racing with which to condemn Mock's driving. And Plaintiff offers mere speculation that Mock failed to reasonably control his vehicle. Mock slowed to a speed below the speed limit, lawfully continued driving in his lane, and, as the tire marks show, attempted to stop and swerve immediately upon viewing Plaintiff who stepped into Mock's lane of travel. Moreover, Mock had no reason to foresee Plaintiff's presence on the roadway, and Plaintiff offers no time/speed distance analysis that Mock had sufficient time to avoid the accident.

**Foreseeability**

Plaintiff further argues that even in the absence of finding a violation of R.C. §§ 4511.21(A) or 4511.202, there is a genuine issue of material fact concerning Mock's exercise of care and the foreseeability of harm. The test for foreseeability is "'whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act.'" *Frazier v. CSX Transp. Inc.*, 156 F.3d 1229, 1998 WL 449684, at *4 (6th Cir. Jul. 22, 1998) (quoting *Menifee*, 15 Ohio. St. 3d at 710). No reasonable juror could conclude that Mock could have anticipated Plaintiff's own negligence. Mock drove on that road every morning on his way to work, and "more often than not there will be a truck trying to maneuver into the parking lots of these industrial complexes here" (Mock Depo., p. 20). The mere presence of a stopped truck on Lugbill Road is not unusual, and Mock had no reason to foresee Plaintiff entering the roadway.

### Reconstruction Expert

Finally, Plaintiff argues summary judgment must be denied because Mock's accident reconstruction was not completed by a qualified expert. However, the Motion does not hinge on the accident reconstruction. Thus, even disregarding this expert testimony, Plaintiff fails to defeat summary judgment because all other evidence in the Record establishes that Mock did not breach his duty to drive with care.

In summary, this Court concludes: (1) Plaintiff's sudden emergency claim has no bearing on Mock's liability; (2) Mock was not speeding pursuant to R.C. § 4511.21; (3) Mock maintained reasonable control of his vehicle pursuant to R.C. § 4511.202; (4) the resulting harm here was not foreseeable; and (5) Mock's accident reconstruction is not dispositive to the Court's conclusion. Plaintiff fails to present a genuine issue of material fact concerning Mock's negligence.

## Claim Against Defendants Swift and Soules

Plaintiff claims Swift is vicariously liable for the negligent actions of Soules, the driver employed by Swift at the time of the accident. Plaintiff alleges Soules began to move the truck while Plaintiff was still on the stairs of the cab, and this action by Soules was negligent. Only Plaintiff's own testimony claims that the tractor-trailer moved. All other witnesses maintain the truck did not move. Mock, who has no interest in Plaintiff's claim against Swift and Soules, testified that the truck did not move from when he turned onto Lugbill Road until the accident (Mock Depo., p. 23). Soules testified that the truck remained stopped (Soules Depo., p. 21). Gonzales, who was stopped behind the truck with a clear view, never saw the truck move (Gonzales Aff. ¶ 1). Nevertheless, even

8

assuming the truck did move,[1] Plaintiff's claim against Swift and Soules must be dismissed because, as pled by Swift in its Answer (Doc. No. 17, p. 3), Plaintiff voluntarily assumed the risk by stepping out into oncoming traffic.

Ohio law recognizes three types of assumption of the risk defenses: (1) express or contractual assumption of the risk, (2) primary assumption of the risk, and (3) secondary or implied assumption of the risk. *Hildreth v. Rogers*, Case No. 6-06-06, 2006 Ohio App. LEXIS 5105, at *11 (3d Dist. Ohio Ct. App. Oct. 2, 2006) (citing *Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St. 3d 427, 431 (1996)). The defense of implied assumption of the risk merged with the concept of comparative negligence in Ohio's comparative negligence statute, R.C. § 2315.33, under which plaintiff is barred from recovering if the fault of plaintiff is greater than the combined tortious conduct of all other persons. A defendant may invoke the doctrine of implied assumption of the risk when the plaintiff "consents to or acquiesces in an appreciated, known, or obvious risk." *Cappelli v. Youngstown Area Cmty. Action Council*, No. 05 MA 175, 2006 Ohio App. LEXIS 4893, at *9 (7th Dist. Ohio Ct. App. Sept. 18, 2006) (citations omitted).

---

[1] The Court finds Plaintiff's singular piece of evidence, a self-serving statement in an affidavit, insufficient as a matter of law to create a genuine issue of material fact because Plaintiff has produced nothing more than a "mere scintilla" of evidence. *See Anderson*, 477 U.S. at 248, 252 (holding that "mere existence of a scintilla of evidence" should not preclude summary judgment, and summary judgment is appropriate where the evidence is such that no reasonable jury could return a verdict for the non-moving party). The absence of additional evidence to support a party's position beyond his own self-serving testimony is insufficient to overcome a motion for summary judgment. *See Bryant v. Mahoning County Bd. of Comm'rs*, No. 4:05 CV 2783, 2007 WL 1725314, at *7 (N.D. Ohio Jun. 13, 1007); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1994).

Typically questions regarding comparative fault are for the jury to decide, especially when there is conflicting evidence regarding the plaintiff's negligence. *Cappelli*, 2006 Ohio App. LEXIS 4893, at \*9-10. However, issues of comparative negligence are appropriate at the summary judgment stage if "the plaintiff's negligence was so extreme as a matter of law that no reasonable person could conclude that plaintiff was entitled to recover." *Id* at \*10 (quoting *Collier v. Northland Swim Club*, 35 Ohio App. 3d 35, 39 (10th Dist. 1987)). Therefore, summary judgment is proper where plaintiff voluntarily assumes an obvious or known risk, and plaintiff's negligence in assuming that risk was so extreme that no reasonable person could conclude that plaintiff is entitled to recover.

In *Mitchell v. Ross*, 14 Ohio App. 3d 75 (8th Dist. 1984), the appellate court affirmed summary judgment where plaintiff's negligence outweighed any negligence by defendant. In *Mitchell*, plaintiff was struck by defendant's car while attempting to cross a highway. *Id.* at 75. The court held that because plaintiff "was aware that it was dangerous and unlawful to cross a freeway on foot . . . , saw the [defendant's] vehicle approaching and crossed the lanes of travel in front of it" and "did not watch the [defendant's] vehicle as he ran in front of it," no reasonable person could conclude the plaintiff was entitled to recover. *Id.* at 78.

In *Cave v. Burt*, No. 03CA2730, 2004 Ohio App. LEXIS 3072 (4th Dist. Ohio Ct. App. Jun. 29, 2004), plaintiff and defendant were transporting baseball equipment from their local high school to a nearby baseball field. *Id.* at \*2. Plaintiff chose to sit on the trunk of defendant's car, and fell when defendant began to drive off. *Id.* The court, while finding plaintiff's actions barred recovery under the doctrine of primary assumption of the risk, also noted plaintiff "voluntarily assumed the risks inherent in riding on the trunk lid of a car," and plaintiff's "negligence was so extreme as a

10

matter of law that no reasonable person could conclude that plaintiff was entitled to recover, and thus summary judgment is appropriate." *Id.* at *12 (internal quotation marks omitted).

Here, Plaintiff's actions demonstrate his willingness to accept an "obvious risk," similar to the risks involved in walking into oncoming traffic or riding on the trunk of a car. Plaintiff was in continual visual and verbal contact with Soules, the driver of the truck. Instead of stepping into the path of Mock, Plaintiff could have easily held on and told Soules to stop. However, Plaintiff, in his own words, "*assumed* there was plenty of room between his truck and the center line," and took a step just after he "heard a loud car that sounded like it was accelerating" (emphasis added). Further, Plaintiff admitted he did not look when he dismounted the truck (Britenriker Depo., p. 50). Construing the evidence most strongly in favor of Plaintiff, his decision to step into oncoming traffic that he knew was fast approaching without even looking was "so extreme" that no reasonable person could conclude that plaintiff is entitled to recover. Therefore, even if this Court accepts Plaintiff's self-serving testimony that the truck was moving, Defendants are entitled to summary judgment.

## CONCLUSION

This Court searched the Record to locate a disputed factual issue, but found none. Plaintiff, a Good Samaritan who took it upon himself to assist Soules, did not deserve to be "rewarded" by this accident. However, even Good Samaritans are required to meet their legal burden. Based upon the Record, this Court has no choice but to grant the Motions for Summary Judgment.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 31, 2009

11